IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNICE TURENTINE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-01625-M |
| FC LEBANON II LLC, et al., | § § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss for Improper Venue (ECF No. 5), filed by Defendant FC Lebanon II, LLC. For the reasons below, the Motion to Dismiss for Improper Venue is **GRANTED.** In the interest of justice, the Court **TRANSFERS** this action to the Eastern District of Texas, Sherman/Plano Division.

**I.   Background**

On July 27, 2022, Plaintiff Bernice Turentine filed the Original Complaint against Defendants FC Lebanon II, LLC ("FC Lebanon II") and DayRise Residential, LLC ("DayRise"), purportedly asserting claims under 42 U.S.C. §§ 1981, 1982, the Fair Housing Act, the Americans with Disabilities Act, and § 504 of the Rehabilitation Act. Compl. (ECF No. 1) ¶¶ 1, 6. Plaintiff alleges that FC Lebanon II, LLC operates as "Alaqua at Frisco Garden Rise Apartments," and DayRise is FC Lebanon II's management company. *Id.* ¶¶ 1, 7. Plaintiff generally alleges that Defendants discriminated against her and her family in connection with her residence at the Alaqua at Frisco Garden Rise Apartments, including by wrongfully initiating eviction proceedings without cause and retaliating against Plaintiff.

On October 19, 2022, FC Lebanon II filed the pending Motion to Dismiss, asserting that this case should be dismissed under Rule 12(b)(3) for improper venue or, in the alternative, transferred to the United States District Court for the Eastern District of Texas. Plaintiff did not file a timely response to the Motion.

## II. Legal Standard

Under Rule 12(b)(3), a party may move to dismiss or transfer a claim for improper venue. Fed. R. Civ. P. 12(b)(3). The Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., LP v. Teva Pharm. USA, Inc*., 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (Lynn, C.J.) (collecting cases); *see also Gillham v. Virgin Islands Supreme Ct*., No. 3:22-CV-00611-M-BT, 2022 WL 2975469, at *2 (N.D. Tex. July 11, 2022), *report and recommendation adopted*, No. 3:22-CV-00611-M-BT, 2022 WL 2972605 (N.D. Tex. July 27, 2022) (Lynn, C.J.).

When deciding a Rule 12(b)(3) motion, the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc*., 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam). The Court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ambraco, Inc. v. Bossclip B.V*., 570 F.3d 233, 238 (5th Cir. 2009) (citations and internal quotation marks omitted) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

The general venue statute, 28 U.S.C. § 1391, provides that venue is proper: (1) in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" and (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). If, after considering all the evidence, a plaintiff's choice of forum does not fall within one of the § 1391(b) categories, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). Under 28 U.S.C. § 1406(a), a court "of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**III.   Analysis**

Defendant FC Lebanon II moves to dismiss on the grounds that venue is not proper in this district. In her Complaint, Plaintiff alleges that venue is proper in the Northern District of Texas under § 1391(2) "because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district." Compl. ¶ 2. However, FC Lebanon II contends that all or substantially all of the events giving rise to Plaintiff's claims took place at the Alaqua at Frisco Garden Rise Apartments, which is located in the Eastern District of Texas.

Specifically, the Complaint alleges that "Plaintiff and her family have lived at Alaqua at Frisco since October 2020" and that "[o]n or about September 27, 2021, Plaintiff signed a new lease for a rental term beginning on December 1, 2021, and continuing through November 30,

3

2022." *Id.* ¶¶ 8–9. Plaintiff's claims of discrimination and retaliation are all based on her residence at the Alaqua at Frisco Garden Rise Apartments, including her receipt of an allegedly discriminatory "Notice to Vacate" on her apartment door, denial of multiple requests for a garage space, and the imposition of allegedly retaliatory rules regarding public spaces at the apartment complex. *Id.* ¶¶ 9, 13.

FC Lebanon II contends that the Alaqua at Frisco Garden Rise Apartments are located in the Eastern District of Texas, and attaches an affidavit indicating that the complex's legal address is 4770 Teel Parkway in Frisco, TX, which is located in Denton County, Texas. ECF No. 5 at 7.

Denton County is located in the Sherman/Plano division of the Eastern District of Texas. The Complaint contains only one reference to events taking place in the Northern District of Texas, namely that Plaintiff is a resident of Dallas County, Texas, and "has been subjected to unlawful housing practices committed in Dallas County" by Defendants. Compl. ¶ 3. However, "[i]n determining whether or not venue is proper, the Court looks to the defendant's conduct[ ] and where that conduct took place." *See Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (citing *Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir. 1995)). Plaintiff's allegations of Defendants' wrongdoing are centered on the Alaqua at Frisco Garden Rise Apartments, which are undisputedly located in the Eastern District of Texas. Accordingly, the Court concludes that Plaintiff has not carried her burden to establish venue is proper in this district under § 1391(b).[1]

---

[1] In addition, the Court further notes that the affidavit attached to FC Lebanon II's Motion to Dismiss indicates that FC Lebanon II is incorporated in Florida, and its principal place of business is in Florida. Accordingly, venue is also improper in this district under § 1391(b)(1).

4

Having determined that venue is improper in the Northern District of Texas, the Court must decide whether to dismiss this case or transfer it to an appropriate judicial district.  *See* 28 U.S.C. § 1406(a).  Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  *Id.*  It is well-settled that the Court "generally prefer[s] transfer to dismissal."  *Carter v. H2R Rest. Holdings, LLC*, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) (Horan, J.) (collecting cases), *report and recommendation adopted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016) (Godbey, J.); *see Springboards to Educ., Inc. v. Hamilton Cty. Read 20*, 2017 WL 3023489, at *5 (N.D. Tex. July 14, 2017) (Boyle, J.) ("Courts generally prefer transfer to dismissal, and this Court is no different.").

A transfer here would be in the interest of justice because it would avoid the costs and delay that would likely result from dismissal and refiling.  As set forth above, venue is proper in the Eastern District of Texas because all or substantially all of the events giving rise to Plaintiff's claims occurred there.  28 U.S.C. § 1391(b)(2).  Accordingly, transfer to the Eastern District of Texas is proper.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff has failed to establish that the Northern District of Texas is the proper venue for this action under § 1391(b).  Accordingly, the Court **GRANTS** the Motion to Dismiss, and **TRANSFERS** this action to the Eastern District of Texas, Sherman/Plano Division.

**SO ORDERED**.

November 15, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE