IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BERNICE TURENTINE,** § | | |
|     **Plaintiff** § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:22-CV-00971-ALM |
| § | | |
| § | | |
| § | | |
| § | | |
| **FC LEBANON II, LLC d/b/a ALAQUA** § | | |
| **AT FRISCO GARDEN RISE** § | | |
| **APARTMENTS aka FL. CAPITAL** § | | |
| **REAL ESTATE PTRS 26 LTD, and** § | | |
| **DAYRISE RESIDENTIAL, LLC,** § | | |
|     **Defendants** § | | |

**PLAINTIFF'S RESPONSE AND BRIEF IN
OPPOSITION TO DEFENDANT FC LEBANON
II, LLC and DEFENDANT DAYRISE
RESIDENTIAL, LLC'S MOTION TO DISMISS**

**COMES NOW**, Plaintiff Bernice Turentine (hereinafter "Plaintiff"), and files this Response and Brief in Opposition to Defendant FC Lebanon II, LLC and Defendant DayRise Residential, LLC's (hereinafter "Defendants") Motion to Dismiss, and states as follows:

        **I.**        **ARGUMENT AND AUTHORITIES**

    **A.**    **Legal Standard of Review**

In the case at bar, Defendants filed a Motion to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a motion based on the theory that the opposing party has failed to state a claim: it is a motion that tests the legal sufficiency of the complaint.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 557 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.  The plausibility standard is not akin to a probability requirement and only calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal conduct.  *Id*.  The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  In deciding a motion to dismiss, the court must also accept all well-pleaded facts as true, viewing them in the light most favorable to the nonmovant – in this case, the Plaintiff.  See *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

      In this jurisdiction, a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted unless it appears beyond doubt from the face of the plaintiff's pleadings that she can prove no set of facts in support of her claim that would entitle her to relief.  See *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982) (quoting Wright & Miller, *Federal Practice and Procedure* § 1357 (1969) and *Barton v. Am. Eurocopter Corp.*, No. CIV.A.4:02CV516-Y, 2002 WL 32487882, at *1 (N.D. Tex. Oct. 10, 2002).

      **B.**      **Plaintiff Has Stated a Cause of Action under 42 U.S.C. §§ 1981 and 1982; the Fair Housing Act; the Americans with Disabilities Act; and the Rehabilitation Act in her First Amended Original Complaint**

      Contrary to Defendants' assertions, there is no requirement under federal law that requires a plaintiff to recite the elements of the causes of action brought forth in a complaint. Furthermore, Plaintiff made clear in her First Amended Original Complaint that Defendants actions were for the purpose of discriminating against Plaintiff and her children on account of race in regard to making and enforcing contracts; receiving the full and equal benefit of all laws and proceedings for the

security of persons and property as is enjoyed by white citizens; and enjoying the right as is enjoyed by white citizens to lease real property. These actions by Defendants violate Sections 1981 and 1982. Plaintiff has also sufficiently pleaded facts that show Defendants violated 42 U.S.C. 3604(b), (f)(1) and (f)(2) on the basis of Plaintiff and her children's race and her son's disability; and Section 12182 of the ADA and Section 504 of the Rehabilitation Act on the basis of Plaintiff's son's disability.

Defendants allege Plaintiff's First Amended Original Complaint fails to identify how their notice to vacate was racially or disability motivated, even though Plaintiff's Amended Complaint includes sufficient facts for the Court and Defendants to infer that a violation of the above-referenced laws has been committed. In addition, the answers to issues such as those raised in Defendants' Motions to Dismiss were not only described in Plaintiff's Amended Complaint, but will be further illuminated through discovery. At this stage of the pleadings, Defendants have been put on sufficient notice as to the wrongs they committed under the law and the facts supporting Plaintiff's claims, which complies with 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court deny Defendants' Motions to Dismiss and grant Plaintiff such other and further relief to which she may be justly entitled.

Respectfully Submitted,

**IWU & ASSOCIATES**

**/s/ Marshay Iwu**
Marshay Iwu
STATE BAR CARD NO. 24083204
P.O. Box 851553
Mesquite, Texas 75185-1553
Telephone: (214) 417-2738

Facsimile: (214) 272-3186  
marshayiwu@lawyersdemandingjustice.com

## **CERTIFICATE OF SERVICE**

On January 11, 2023, I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically using the CM/ECF filing system.

**/s/ Marshay Iwu**  
Marshay Iwu