# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BERNICE TURENTINE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00971 |
| | § | Judge Mazzant |
| FC LEBANON II, LLC d/b/a ALAQUA AT FRISCO GARDEN RISE APARTMENTS a/k/a FL. CAPITAL REAL ESTATE PTRS 26 LTD, and DAYRISE RESIDENTIAL LLC, | § § § § § § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant FC Lebanon II, LLC's Motion to Dismiss for Failure to State a Claim (Dkt. #16) and Defendant DayRise Residential, LLC's Motion to Dismiss Plaintiff's First Amended Original Complaint (Dkt. #17). Having considered the Motions, the response, and the relevant pleadings, the Court finds that both motions should be **DENIED**.

## BACKGROUND

Plaintiff asserts a host of federal discrimination claims under 42 U.S.C. §§ 1981 and 1982, the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act (Dkt. #14 ¶ 6).

On December 7, 2022, Plaintiff filed her First Amended Original Complaint (Dkt. #14). On December 28, 2022, Defendant FC Lebanon II, LLC filed its motion to dismiss (Dkt. #16). One day later, Defendant DayRise Residential LLC filed its motion to dismiss (Dkt. #17). Plaintiff filed a response to both motions on January 11, 2023 (Dkt. #22).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, and the arguments contained in the briefing, the Court finds that Plaintiff has stated plausible claims for relief.

## CONCLUSION

It is therefore **ORDERED** that Defendant FC Lebanon II, LLC's Motion to Dismiss for Failure to State a Claim (Dkt. #16) is hereby **DENIED**.

It is further **ORDERED** that Defendant DayRise Residential, LLC's Motion to Dismiss Plaintiff's First Amended Original Complaint (Dkt. #17) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 10th day of May, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE